**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LARRY CURTI, Derivatively on Behalf of CHARTER COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER L. WINFREY, JESSICA M. FISCHER, ERIC L. ZINTERHOFER, W. LANCE CONN, JOHN D. MARKLEY, JR., BALAN NAIR, STEVEN A. MIRON, MICHAEL A. NEWHOUSE, MAURICIO RAMOS, KIM C. GOODMAN, CAROLYN J. SLASKI, GREGORY B. MAFFEI, JAMES E. MEYER, and DAVID MERRITT,<br><br>Defendants,<br><br>-and-<br><br>CHARTER COMMUNICATIONS, INC., a Delaware Corporation,<br><br>Nominal Defendant. | No. 1:26-cv-02759-LJL |

**JOINT STIPULATION AND ORDER TO**
**STAY THE DERIVATIVE ACTION**

The parties in the above-captioned action respectfully submit this Joint Stipulation and [Proposed] Order to Stay Action:

WHEREAS, on April 3, 2026, Plaintiff Larry Curti ("Plaintiff") filed a verified stockholder derivative complaint (the "Complaint"), captioned *Curti* v. *Winfrey, et al.*, No. 1:26-cv-02759-LJL (S.D.N.Y.), on behalf of nominal defendant Charter Communications, Inc. ("Charter" or the "Company"), asserting claims against defendants Christopher L. Winfrey, Jessica M. Fischer, Eric L. Zinterhofer, W. Lance Conn, John D. Markley, Jr., Balan Nair, Steven A. Miron, Michael A. Newhouse, Mauricio Ramos, Kim C. Goodman, Carolyn J. Slaski, Gregory B. Maffei, James E. Meyer, and David Merritt (collectively, the "Individual Defendants," and together with Charter,

the "Defendants") for violations of securities law, fiduciary duty, waste of corporate assets and unjust enrichment (the "Derivative Action");

WHEREAS, also pending in this Court is a related federal securities class action captioned, *Sandoval* v. *Charter Communications, Inc. et al.*, No. 1:25-cv-06747-LJL (S.D.N.Y.) (filed August 24, 2025), asserting claims against Charter and certain Charter officers under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Securities Class Action");

WHEREAS, the Derivative Action was referred to Judge Lewis J. Liman as possibly related to the Securities Class Action on April 7, 2026, and was subsequently accepted as related on April 7, 2026;

WHEREAS, on March 31, 2026, defendants in the Securities Class Action filed a motion to dismiss that action;

WHEREAS, there is overlap between the parties and the facts and circumstances alleged in the Derivative Action and the Securities Class Action; several of the Individual Defendants in the Derivative Action, along with nominal defendant Charter, are also named defendants in the Securities Class Action; and the Derivative Action seeks damages arising from the claims asserted in the Securities Class Action (among other alleged damages);

WHEREAS, while Plaintiff maintains that the Derivative Action has merit independent of and is not dependent on the ultimate outcome of the Securities Class Action, the Parties agree that developments in the Securities Class Action may impact the manner in which the Derivative Action proceeds; and

WHEREAS, in light of the above, and to conserve the parties' and judicial resources, the Parties agree that all proceedings and deadlines in the Derivative Action should be stayed pending resolution of the motion to dismiss the Securities Class Action, on the terms set forth herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties through their undersigned counsel as follows:

1. This Derivative Action (including all discovery) is hereby stayed until at least thirty (30) days after the earlier of: (a) the denial of the motion to dismiss in the Securities Class Action; (b) the dismissal of the Securities Class Action, with or without prejudice, and exhaustion of all appeals related thereto; or (c) the public announcement of a settlement of the Securities Class Action. Any party may move the Court to lift the stay before it expires on its own terms, following fourteen (14) days' written notice to the other parties and upon a showing of good cause; provided that, if a separate shareholder derivative action arising from substantially similar or the same facts as alleged in the Derivative Action ("Related Derivative Action") is not stayed for a similar or longer duration as the Derivative Action, Plaintiff shall have the option to terminate the stay within fourteen (14) days after filing notice with the Court.

2. Within thirty (30) days of the occurrence of one or more of the events identified in paragraph 1 above, the Parties shall meet and confer and file a proposed schedule for further proceedings with the Court.

3. Defendants shall notify Plaintiff's counsel if a Related Derivative Action is filed. In the event any other Related Derivative Actions are filed in this Court, Plaintiff may file for or respond to any motion(s) seeking consolidation and/or a leadership structure to govern such proposed consolidated action.

4. Defendants shall promptly notify Plaintiffs of any related books and records demands or litigation demands on a confidential basis.

5. Defendants shall promptly produce to Plaintiff any documents produced, written discovery, and deposition transcripts in any Related Derivative Actions arising from substantially

similar or the same facts as alleged in the Derivative Action, subject to a reasonable confidentiality agreement or protective order that permits Plaintiff to use the discovery in the Derivative Action.

6. Defendants shall attempt in good faith to include Plaintiff in any mediations and in any formal settlement talks between the parties in the Securities Class Action, in any Related Derivative Actions, and in any related threatened derivative actions. In the event that Plaintiff is not able to participate in the mediations, or Defendants are unable to include the Plaintiff in the mediation, then Defendants agree to mediate with Plaintiff on a date shortly after the mediation in the Securities Class Action.

7. If Defendants provide documents to the plaintiffs in the Securities Class Action or any Related Derivative Action(s) or related books and records demands or litigation demands, in connection with any mediation Defendants agree to provide, within ten (10) days of production, but no later than three (3) days before such mediation, the same documents to Plaintiff in the Derivative Action, solely for use in connection with such a mediation, subject to relevance, privilege, and entry of an appropriate protective order, but otherwise on substantially the same terms as they are provided to plaintiffs in the Securities Class Action and/or any Related Derivative Action(s), as appropriate.

8. Notwithstanding the stay of this Derivative Action, Plaintiff may file an amended consolidated complaint, though Defendants need not answer, move, or otherwise respond to any amended complaint during the pendency of this stay and until the Parties have agreed on (or the Court orders) a schedule.

9. By entering this Stipulation, the Parties do not waive any rights not specifically addressed herein or to seek such other relief as may be appropriate as circumstances may develop or warrant in this or any related action, and expressly reserve all such rights.

**IT IS SO STIPULATED.**

Dated: July 13, 2026

Respectfully submitted,

JOHNSON FISTEL, PLLP

[signature]

RALPH M. STONE

620 Fifth Avenue, 2nd Floor
New York, NY 10020
Telephone: (212) 292-5690
Facsimile: (619) 363-8326
E-mail: ralphs@johnsonfistel.com

JOHNSON FISTEL, PLLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (619) 363-8326
E-mail: michaelf@johnsonfistel.com

ROBBINS LLP
BRIAN J. ROBBINS
CRAIG W. SMITH
SHANE P. SANDERS
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com

*Attorneys for Plaintiff Larry Curti*

Dated: July 13, 2026

Wachtell Lipton Rosen & Katz

[signature]

Ryan A. McLeod
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1175
E-mail: RAMcLeod@wlrk.com

*Counsel for Defendants*

**IT IS SO ORDERED** this 14 day of July, 2026

HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2026, I caused a copy of the foregoing document to be served through the electronic case filing system for the United States District Court for the Southern District of New York.

*/s/ Ralph M. Stone*
RALPH M. STONE

1730344